**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4866**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SERGIO MUJICA,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   Samuel G. Wilson, District Judge.  (5:09-cr-00015-sgw-1)

Submitted:  July 29, 2011      Decided:  August 16, 2011

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John S. Hart, Jr., HART LAW OFFICES, Harrisonburg, Virginia, for Appellant.   Craig Jon Jacobsen, I, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Mujica pled guilty to conspiracy to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C § 846 (2006). The district court imposed a 350-month within-Guidelines sentence. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asking the court to review the district court's fact-finding at sentencing. Mujica filed a pro se supplemental brief.[*] We affirm.

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines

---

[*] Mujica asserts that the district court erroneously included three of his convictions in his criminal history calculation, improperly relied on hearsay evidence at sentencing, and that his guilty plea was involuntary. Our review of the record leads us to conclude that these claims lack merit. To the extent Mujica contends that counsel told him he could not prevail at trial and promised him a sentence of 120 months or less, ineffective assistance of counsel claims are not cognizable here because the record does not conclusively establish a right to relief. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

2

range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).  The court also must consider the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)."  United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).  After reviewing the record with these standards in mind, we conclude that Mujica's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Mujica, in writing, of the right to petition the Supreme Court of the United States for further review.  If Mujica requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Mujica.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED